THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRIDA MARCHOSKY-KOGAN,

    Plaintiff,

    v.

COOPERATIVA DE AHORRO Y CREDITO LAS PIEDRAS, ET AL.,

    Defendants.

Civil No. 26-1012 (ADC)

## OPINION AND ORDER

I.    **Factual and Procedural Background**

On January 9, 2026, Frida Marchosky-Kogan ("plaintiff") filed a *pro se* complaint for alleged violations of her constitutional, the Americans with Disabilities Act ("ADA"), Federal Housing Act ("FHA"),[1] and other statutes. Plaintiff also filed an emergency motion for a temporary restraining order ("TRO") and preliminary injunction, a motion to proceed *in forma pauperis*, and a motion for appointment of *pro bono* counsel. **ECF Nos. 1-4**.

Reading the record in the light most favorable to plaintiff and piecing together all the information spread throughout plaintiff's numerous *pro se* filings,[2] the complaint alleges that

---

[1] Aside from claiming to be disabled a person under ADA, the Court cannot identify in the complaint any claims that would be colorable or actionable under ADA. The same goes for plaintiff's general references to FHA. Accordingly, the Court deems plaintiff's references to such statutes as simple references for general context, not claims.

[2] The Court emphasizes that, except for filings stricken from the record or filed in violation of this Court's orders or rules, it read every filing by plaintiff. However, for purposes of this Opinion and Order it will not make direct reference to the relevant docket entries except where necessary.

plaintiff is a person with an ADA-qualifying disability who was evicted pursuant to a state court judgment. Plaintiff's chief claim is that the state court judgment is void because service of process by publication was authorized by the state court under misrepresentations. Specifically, she claims that the underlying affidavit by the process server contained material inaccuracies and omissions regarding the reasonable diligence exercised to locate her. The state court denied plaintiff's arguments, entered judgment, and eventually ordered plaintiff's eviction from the property at issue.

Plaintiff also claims that she reached an agreement with the judgment creditor before the state court entered the eviction order. Although plaintiff concedes that the agreement was "not completed," she claims that she is entitled to "repurchase" the property from the judgment creditor. *See* **ECF Nos. 1, 3, 60-62**. Accordingly, she claims, any subsequent eviction efforts were not only a breach of that agreement but also constituted retaliatory conduct and an unconstitutional seizure of property. *Id*.

In her most recent filings, she further alleges that the eviction and lack of stable housing constitute a violation of her civil rights and claims to be entitled to relief pursuant to 42 U.S.C. § 1983. *See* **ECF Nos. 54, 59, 67**.[3] Moreover, she alleges that a civil rights conspiracy under 42 U.S.C. § 1985 took place because defendants acted in concert to deprive her of her property and constitutional protections. *Id*.

---

[3] These filings were filed in response to defendants' motions to dismiss and this Court's order to show cause.

Although the Court denied plaintiff's requests for TRO relief, it granted her request for appointment of *pro bono* counsel. *See* **ECF Nos. ECF Nos. 8, 13, 43, 44, 47, 48, 55, 56**.[4] Considering plaintiff's *pro se* status, the Court ordered plaintiff to show cause why the case should not be dismissed. **ECF No. 56**. Specifically, the Court instructed plaintiff to explain all the facts that show that she is entitled to relief as required by Fed. R. Civ. P. 8(a), ordered plaintiff to list all her claims under federal law (including Constitutional violations) and the facts that support such grounds, to provide a statement on why this Court has jurisdiction, and to inform whether she filed an appeal, certiorari petition, or otherwise moved for reconsideration in state court. *Id*. The Court also warned plaintiff that, given her substantial references to the state court record, absent objection, the Court could take judicial notice of state court records. *Id*.

On February 18, 2026, defendants moved to dismiss the complaint on several grounds. **ECF No. 57**. Plaintiff made several filings in response to defendant's motion to dismiss and this Court's order to show cause. *See* **ECF Nos. 60-67**.

II.      **Legal Standard**

Pursuant to 28 U.S.C. § 1915, Congress granted access to the federal courts for indigent individuals unable to prepay court filing fees. However, that endowment is not unchecked. Indeed, § 1915 mandates dismissal of the action "at any time if the court determines," among

---

[4] The Court commends the efforts and candidness of attorney Omar A. Barroso-Rosario. Ultimately, counsel was able to establish communication with plaintiff but moved to withdraw given the fact that "in good faith and consistent with his professional obligations, [he] believes [plaintiff's requests for relief] are not legally available…." **ECF No. 44** at 2.

other grounds, that the complaint is "frivolous or malicious" or "fails to state a claim on which

relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Timely dismissal under § 1915 seeks to "spare

prospective defendants the inconvenience and expense of answering such complaints." *Neitzke

v. Williams*, 490 U.S. 319, 324 (1989).

In determining that a complaint fails to state a claim for relief, courts must "accept the

truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's

favor." *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting *Grajales v. P.R.

Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)). "While detailed factual allegations are not necessary

to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain

more than a rote recital of the elements of a cause of action… [and they] must contain sufficient

factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-

Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (cleaned up) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S.

662, 678–79 (2009)). In order to perform this plausibility inquiry, the Court must "separate

factual allegations from conclusory ones and then evaluate whether the factual allegations

support a 'reasonable inference that the defendant is liable for the misconduct alleged.'"

*Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citing *Iqbal*, 556 U.S. at 678, and *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "If the factual allegations in a complaint, stripped

of conclusory legal allegations, raise no 'more than a sheer possibility that a defendant has acted

unlawfully,' the complaint should be dismissed." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270

(1st Cir. 2022) (quoting *Rodríguez-Reyes*, 711 F.3d at 53, and *Iqbal*, 556 U.S. at 678). For example,

if an "obvious alternative explanation" is supported by the same well-pleaded facts of the complaint, even when seen in the light most favorable to the pleader, then a complaint may very well fail to cross the threshold of plausibility. *Id.*, at 275 (citing *Ocasio-Hernández fv. Fortuño-Burset*, 640 F.3d 1, 9 (1st Cir. 2011)). In sum, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernández*, 640 F.3d at 13.

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "constitutes a challenge to the federal court's subject-matter jurisdiction…." *Surén-Millán v. United States*, 38 F. Supp. 3d 208, 212 (D.P.R. 2013). The "[p]ertinent inquiry is whether the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the Court is proper." *Marrero v. Costco Wholesale Corp.*, 52 F. Supp. 3d 437, 439 (D.P.R. 2014). In so doing, the Court must construe the complaint liberally and treat all well-pleaded facts as true, "according the plaintiff the benefit of all reasonable inferences." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Dismissal is only proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. *Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp.*, 434 F. Supp. 2d 93, 95 (D.P.R. 2006); *see Colón-Torres v. BBI Hosp. Inc.*, 552 F. Supp. 3d 186, 190 (D.P.R. 2021).

## III.    **Analysis**

First, as correctly noted by defendants at **ECF No 57**, plaintiff's claims are barred by the *Rooker-Feldman* doctrine. This doctrine requires federal court abstention in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As the First Circuit recently put it:

> The doctrine prevents losing litigants 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights,' as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation."

*Efreom v. McKee*, 46 F.4th 9, 17 (1st Cir. 2022), *cert. denied*, 143 S. Ct. 576 (2023) (citing *Exxon Mobil*, 544 U.S. at 287).

Here, plaintiff concedes that she is seeking a review of and other relief from the state court judgment. Although plaintiff couched her complaint under federal law, the fact is that her arguments were heard and addressed in state court.[5] Plaintiff cannot simply point to the Constitution and federal statutes to seek a second opinion. *Efreom*, 46 F.4th at 19 ("a plaintiff cannot escape the *Rooker–Feldman* bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts."). And plaintiff's federal claims are, at bottom, the same as her Puerto Rico claims heard and denied by the state court.

Because plaintiff already lost on those arguments before the state court, adjudicating her complaint will inexorably lead to reviewing the same facts and legal issues that the Puerto Rico

---

[5] According to the state court records, plaintiff was represented by counsel up until final judgment was issued by the state court.

proceedings already resolved. Functionally, the complaint is an invitation by plaintiff to overturn the state court judgment.

In addition, the Puerto Rico proceedings ended before plaintiff filed her complaint here, another key aspect of *Rooker-Feldman*. Indeed, plaintiff admits that by the time the instant action was filed, the state court had already entered judgment. *See* **ECF Nos. 1** and **3**. Therefore, plaintiff is, without a doubt, the quintessential "state-court loser" seeking federal court review of a final state court decision, to which the *Rooker-Feldman* doctrine is intended to apply. To be sure, *Rooker–Feldman* bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights[.]" *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994).

Federal court is not meant to provide a second bite at the apple for unhappy state court litigants. Because the Court must abstain from exercising subject matter jurisdiction under the *Rooker-Feldman* doctrine, it is unnecessary for it to consider defendant's other arguments for dismissal. Accordingly, the complaint at **ECF No. 2** is hereby **DISMISSED**. *See* Fed. R. Civ. P. 12(b)(1). Nonetheless, although abstention suffices to dismiss the action in its entirety, the Court will further elaborate on additional reasons why the complaint must be dismissed considering plaintiff's *pro se* status.

Plaintiff's civil rights claims must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1983. Generally, to

recover under § 1983, a plaintiff must prove that the defendant, acting under color of state law,
deprived the plaintiff of a right or privilege guaranteed under the United States Constitution or
federal law. *Id*. Private parties acting in their individual capacities are not ordinarily acting
under color of state law and are thus not generally liable under § 1983. *Estades-Negroni v. CPC
Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005). Private parties may be liable as state actors,
however, if they "[are] willful participant[s] in joint activity with the State or its agents." *See
Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). A plaintiff can show evidence of joint activity
by "plan, prearrangement, conspiracy, custom, or policy ...." *Alexis v. McDonald's Rests. of Mass.,
Inc.*, 67 F.3d 341, 351 (1st Cir. 1995). To establish civil conspiracy against a private party, the
movant shoulders the burden of establishing (1) that the defendant, together with at least one
other party who was a state agent, willfully agreed to inflict a wrong or injury upon the plaintiff;
(2) that one of the conspirators made an overt act in furtherance of the conspiracy; and (3) that
the overt act caused the plaintiff to suffer a constitutional deprivation. *Earle v. Benoit*, 850 F.2d
836, 844 (1st Cir. 1988). The defendants, which include a private credit union, a law firm, and a
process server, are all private individuals and entities with no apparent connection with the
government. Moreover, the allegations in the complaint do not plausibly allege any willful
agreement between defendants and the state courts to inflict an injury. Thus, the complaint also
fails to state a claim for relief as to a § 1983 civil rights violation or conspiracy to commit any
such violations or others. 42 U.S.C. § 1985.

Finally, aside from the fact that the state court addressed plaintiff's claims regarding the "repurchase" agreement, which calls for abstention, this Court would nonetheless decline to exercise supplemental jurisdiction over plaintiff's Puerto Rico law claims. Briefly, this Court has "supplemental jurisdiction over all other claims so related in [an] action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims that meet this "same case or controversy" condition are those that "derive from a common nucleus of operative fact or are such that they . . . would ordinarily be expected to be tried . . . in one judicial proceeding." *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (citing *Penobscot Indian Nation v. Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir. 1997) (citation modified)). The relationship required under the statute between the federal and state law claims "is one of fact." *Royal Canin U.S.A., Inc., v. Wullschleger*, 604 U.S. 22, 31 (2025).

Notwithstanding, the Court "may decline to exercise" jurisdiction pursuant to four enumerated grounds, one of which is relevant here: "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction…." 28 U.S.C. § 1367(c)(2). In the seminal case *United Mine Workers of Am. v. Gibbs*, the Supreme Court explained that "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." 383 U.S. 715, 726-27 (1966). The First Circuit has long held that "[a]s a general principle, the unfavorable

disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims." *Lambert v. Fiorentini*, 949 F.3d 22, 29 (1st Cir. 2020) (quoting *Rodríguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995)).

Here, because the federal claims would be dismissed for failure to state a claim, the Court's discretionary exercise of supplemental jurisdiction would not be warranted. Thus, even though the Court will abstain from exercising jurisdiction under *Rooker-Feldman*, plaintiff's claims would nonetheless be dismissed for the reasons set out above.

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** defendants' motion to dismiss **ECF No. 57** and **DISMISSES** the complaint at **ECF No. 2** and related supplemental filings. All pending motions are moot. The Clerk of Court shall enter judgment dismissing the complaint **WITH PREJUDICE**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of May, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**